CLOSED

**NOT FOR PUBLICATION**

## UNITED STATES DISTRICT COURT
## DISTRICT OF NEW JERSEY

| | |
|---|---|
| RICHARD MULLARKEY, : | |
| : | |
| Plaintiff, : | |
| : | **Civil Action No. 09-4971 (SRC)** |
| v. : | |
| : | **OPINION & ORDER** |
| MARIE-ANN GREENBERG, : | |
| : | |
| Defendant. : | |

**CHESLER**, District Judge

  This matter comes before the Court on the application of pro se Plaintiff Richard Mullarkey ("Plaintiff" or "Mullarkey") to file a Complaint without prepayment of fees pursuant to 28 U.S.C. § 1915. Based on Plaintiff's affidavit of indigence, the Court finds that Plaintiff qualifies for in forma pauperis status pursuant to 28 U.S.C. § 1915. However, having thoroughly reviewed Plaintiff's pleading, the Court will dismiss the Complaint pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii) and (iii), based, respectively on the Complaint's failure to state a claim upon which relief may be granted and on the grounds of the Defendant's immunity.

  At the outset, the Court notes that because Plaintiff is proceeding pro se, the Court construes the pleadings liberally and holds them to a less stringent standard than those filed by attorneys. Haines v. Kerner, 404 U.S. 519, 520 (1972). Under 28 U.S.C. §1915, which governs proceedings filed in forma pauperis, the Court, however, must examine the merits of the claims

asserted. The Court must dismiss all or part of an action which fails to state a claim upon which relief may be granted. 28 U.S.C. §1915(e)(2)(B)(ii). The applicable standard of review for the failure to state a claim provision is the same as the standard for a motion to dismiss pursuant to Federal Rule of Civil Procedure 12(b)(6). Grayson v. Mayview State Hosp., 293 F.3d 103 (3d Cir. 2002). Under that standard, a court must accept the truth of a plaintiff's factual allegations. Morrison v. Madison Dearborn Capital Partners III L.P., 463 F.3d 312, 314 (3d Cir. 2006). However, a complaint must contain "enough facts to state a claim to relief that is plausible on its face." Bell Atlantic Corp. v. Twombly, 127 S. Ct. 1955, 1974 (2007). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Ashcroft v. Iqbal, 129 S.Ct. 1937, 1949 (2009). Section 1915 also requires the dismissal of claims for monetary relief brought against a defendant who is immune from such relief. 28 U.S.C. §1915(e)(2)(B)(iii).

The Complaint before the Court consists of three numbered paragraphs. They are, verbatim, as follows:

> 1. My constitutional right to the protection of the Chapter 13 automatic stay was denied to me by Marie-Ann Greenberg, trustee.
>
> 2. My constitutional right to due process in a court of law was denied to me by Marie-Ann Greenberg, trustee.
>
> 3. My constitutional right to a trial on the merits, of my claims, was denied to me by Marie-Ann Greenberg not stopping the Sheriff's sale.

Plaintiff alleges that he lost his property as result of the trustee's failure to call the sheriff to stop the sale. Based on this alleged wrongdoing, Plaintiff, who the Court gathers was involved in a Chapter 13 bankruptcy proceeding, demands the return of his property, which he contends was

transferred by fraudulent deed and title. The sole named defendant is Marie-Ann Greenberg, identified as the Chapter 13 Standing Trustee.

This Complaint cannot proceed. First, it is not clear from the Complaint whether Plaintiff is suing the bankruptcy trustee in her official or personal capacity. If it is the former, the doctrine of sovereign immunity requires that the Complaint be dismissed. See Howard v. Leonard, 101 B.R. 421, 422 (D.N.J. 1989) (citing United States v. Sherwood, 312 U.S. 584, 586 (1941)). Second, assuming that the claims are asserted against Defendant in her personal capacity, they lack merit based on the absolute judicial immunity enjoyed by bankruptcy trustees in an action for damages. Absolute judicial immunity extends to bankruptcy trustees because "their duties and functions are 'an integral part of the judicial process.'" Id. at 423 (quoting Lonneker Farms, Inc. v. Klobucher, 804 F.2d 1096, 1097 (9th Cir. 1986)). In Howard, Chief Judge John F. Gerry of the United States District Court for the District of New Jersey dismissed the plaintiff debtor's action for damages against the bankruptcy trustee as barred by the doctrine of judicial immunity. Id. As in this case, the Howard plaintiff's allegations consisted of allegations that the bankruptcy trustee had acted improperly in the performance of his duties. Id. The court reasoned that judicial immunity applied because "whether proper or improper, those activities were undertaken by defendant in the course of his judicial role." Id. Indeed, it is well-established that a bankruptcy trustee, appointed by the court for the estate, is an agent and officer of the court. See Tennsco Corp. v. Estey Metal Prods., Inc., 200 B.R. 542, 545 (D.N.J. 1996) (collecting cases holding same).

Of course, the Complaint at bar differs in one significant regard from the complaint at issue in Howard, in that the relief sought by Plaintiff does not consist of damages, but rather the return of his property.  Plaintiff seeks this remedy based on the alleged violation of his constitutional rights by the actions of the bankruptcy trustee.   Judicial immunity does not bar prospective injunctive relief in actions brought under 42 U.S.C. § 1983 or Bivens for constitutional violations.  Howard, 101 B.R. at 423 (citing Pulliam v. Allen, 466 U.S. 522, 541-42 (1984) and Mullis v. U.S. Bankruptcy Court for the District of Nevada, 828 F.2d 1385, 1392-94 (9th Cir. 1987)).  Entitlement to equitable or injunctive relief must, however, be based on a showing that Plaintiff lacks an adequate remedy at law.  See Pulliam, 466 U.S. at 537-38.  The Supreme Court has commented that, with regard to judges' exposure to suits for equitable or injunctive relief, such a limitation on the ability of the suit to proceed "severely curtail[s] the risk that judges will be harassed and their independence compromised by the threat of having to defend themselves against suits by disgruntled litigants."  Id.  The Court finds that, as an officer of the Court, the Defendant bankruptcy trustee is likewise well-served by the salutary purpose of this limitation.   None of the allegations of Plaintiff's Complaint, even if assumed to be true, plausibly support the inadequacy of a legal remedy for the Plaintiff's alleged harm, such as money damages or, earlier in the bankruptcy proceedings, an application for disqualification of the trustee or appeal of the order which authorized the sale of his property.  The Complaint must therefore be dismissed for failure to state a cognizable claim for relief.  See, e.g., Johnson v. State of New Jersey, 869 F.Supp. 289, 294-95 (D.N.J. 1994) (dismissing plaintiff's claim for injunctive relief against defendant judges for failure to state a claim upon which relief may be granted, holding that complaint failed to set forth the inadequacy of a remedy at law, such as

4

appeal of the judges' decisions); Affeldt v. Carr, 628 F.Supp. 1097, (N.D. Ohio 1985) (granting defendant magistrate judge's motion to dismiss based on judicial immunity doctrine, reasoning that although plaintiff's complaint sought injunctive relief, it had failed to make showing of inadequate remedy at law and irreparable harm and noting that plaintiff could have, among other things, appealed magistrate judge's decision or sought his disqualification).

The Court further holds that the Complaint must be dismissed for the additional reason that it falls far short of Federal Rule of Civil Procedure 8(a)'s pleading requirement that a complaint set forth facts that, taken as true, show that the plaintiff is entitled to relief. Iqbal, 129 S.Ct. at 1950. Its scant allegations are conclusory at best. The Complaint before the Court provides absolutely no facts supporting Plaintiff's assertions that the Chapter 13 Bankruptcy Trustee violated his constitutional right to due process by failing to stop the "Sheriff's sale" of some unidentified property. While the Court must assume facts pled to be true, it is "not bound to accept as true a legal conclusion couched as a factual allegation." Id. (quoting Twombly, 550 U.S. at 555). This Complaint, in short, consists entirely of the type of "unadorned, the-defendant-unlawfully-harmed-me accusation[s]" that the Supreme Court has held will not suffice to state a claim upon which relief may be granted. Id. at 1949.

Accordingly, for the foregoing reasons,

**IT IS** on this 4th day of November, 2009,

**ORDERED** the Plaintiff's application to proceed in forma pauperis is **GRANTED** and the Clerk shall file the Complaint without prepayment of the filing fee; and it is further

**ORDERED** that the Plaintiff's Complaint is **DISMISSED WITH PREJUDICE** pursuant to 28 U.S.C. §1915(e)(2); and it is further

**ORDERED** that this case is **CLOSED**.

    s/Stanley R. Chesler
STANLEY R. CHESLER
United States District Judge